Joseph A. Cox, S.
The executors have made application under section 213 of the Surrogate’s Court Act for authority to compromise tax claims against the estate. Concededly certain tax liabilities exist for the years 1950-1952 and the representatives of the estate and the Government are in agreement as to the computation of the amounts payable. Inasmuch as these parties agree that taxes are due and the determination of the amounts so due has been arrived at by mathematical computation and not by settlement or adjustment of conflicting computations, the amount proposed to be paid is the amount of the debt and not a compromised figure. Upon the facts presented to it, the court sees no good reason why the obligation of the estate with regard to the taxes for the years 1950-1952 should not be paid. The executors have the authority to pay this preferred debt and do not require the prior approval of the court in order to make the payment (Matter of Bourne, 13 A D 2d 741, affg. N. Y. L. J., April 13, 1961).
The claims filed against this estate exceed its assets and the tax claims alone exceed the presently available assets of the estate. The executors propose to pay income tax liabilities for the years 1958-1960 and gift tax liabilities incurred in 1956-1959. It is not suggested that income taxes for the intermediate years between 1952 and 1958 be paid at this time. Question has been raised as to the solvency of the testator in the years during which the gift taxes were incurred and, consequently, as to the validity of the gifts which he made. If the gifts were not valid, additional assets may be recoverable by the estate and the possibility exists that the estate will be rendered solvent. In view of this possibility the court will not assume the responsibility of approving the payment of gift taxes, particularly when the amount proposed to be paid is the determined liability of the estate, based upon the assumed validity of the gifts, and not in any sense a compromise of a claim against the estate.
The sole reason which the executors give for not considering the payment or adjustment of all taxes that may be payable by the estate is that final computation of taxes for intermediate years has not been accomplished and discussed with the tax authorities. In view of the problem existing with regard to liability for gift taxes and the contention of the former wife of the testator that payment of taxes in the order and in the amounts here proposed would be prejudicial to her, the court *696 will not indicate its approval of the payment of income taxes for the years 1958-1960.
This matter was presented to the court as a compromise or settlement but the facts do not justify such characterizations of the proposed payments which in fact are not payments by way of either compromise or settlement. The court does not say that executors are not warranted in presenting problems of this nature in a possibly insolvent estate in order that the positions of all interested persons may be demonstrated, but it seems that in the instant situation the parties and the court have not been given a complete picture presenting all the liabilities, all recoverable assets and the operative effect of partial payments at this time upon the rights of all claimants. Here the fact of solvency is most important and a definitive conclusion upon this most relevant fact cannot be made at this time. The matter will be held in abeyance until such time as conclusive proof shall be available and some tentative compromise shall have been reached which will justify judicial action.